LEGAL SECURITY LIFE INSURANCE COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 8373.

United States District Court
N. D. Texas,
Dallas Division.
Nov. 21, 1961.

---

Douglas E. Bergman, and Sylvan Tobolowsky, Dallas, Tex., for plaintiff.

Barefoot Sanders, U. S. Atty., Dallas, Tex., for defendant.

ESTES, Chief Judge.

This is an action for the recovery of an Internal Revenue tax arising under the Internal Revenue laws of the United States of which the Court has jurisdiction under the provisions of Title 28 United States Code, § 1346(a) (1).

This action is brought for the recovery of documentary stamp taxes paid by plaintiff for the taxable period July 1, 1955, to March 31, 1956, in the amount of $17,200.00 plus interest.

The plaintiff is a corporation organized under the laws of Texas on July 22, 1955, as a legal reserve stock life insurance company. Its office and principal place of business is in Dallas, Texas. Under its charter, the life insurance company was authorized to issue 550,000 shares of capital stock, all without nominal or par value with each share equal in all respects to every other such share.

Under appropriate Texas law in effect in 1955, a life insurance company authorized to issue capital stock without par value could not be organized unless at least $250,000 was paid in for its stock at the time of incorporation. At the time of incorporation of Legal Security Life Insurance Company, 344,000 shares of its capital stock were issued and fully paid for, and the Company received $273,503.-20 in consideration therefor.

The principal organizers of Legal Security Life Insurance Company intended to form a life insurance company many months prior to July 22, 1955. However, they did not have the minimum capital of $250,000 required to organize a life insurance company authorized to issue capital stock without nominal or par value. It was necessary, therefore, for them to obtain other investors to subscribe for capital stock in the life insurance company.

Legal Reserve Insurance Trust, a Texas corporation, was organized for the sole purpose of receiving funds from persons who desired to invest in a legal reserve life insurance company and to hold such funds until the amount accumulated was sufficient to organize a life insurance company with no par value common stock in accordance with the laws of Texas. It engaged in no other activities.

The Legal Reserve Insurance Trust was incorporated on February 25, 1955, under the provisions of Article 1303b of the Revised Civil Statutes of Texas. By its charter, Legal Reserve Insurance Trust was authorized to issue 250,000 shares of no par value common stock. By its charter, Legal Reserve Insurance Trust was authorized to "accumulate and loan money; to sell and deal in notes, bonds and securities; to act as Trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter, and as agent for the performance of any lawful act; to subscribe for, purchase, invest in, own, assign, pledge, and otherwise deal in and dispose of shares of capital stock, bonds, mortgages, debentures, notes and other securities or obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business; to borrow money or issue debentures for carrying out any or all purposes above enumerated; but without banking or insurance privileges, as authorized by Article 1303 (b) of the Texas Revised Civil Statutes of 1925."

On March 1, 1955, shortly after Legal Reserve Insurance Trust was incorporat-

ed, the corporation issued a "prospectus" accompanied by an "Open Letter" from its President, offering prospective investors "the opportunity to join in the initial organizations and capitalization of a new, full legal reserve life insurance company."

The purpose for which the individual investors purchased stock of Legal Reserve Insurance Trust was to join in the organization of a life insurance company as provided in the "Prospectus" and "Open Letter".

On April 18, 1955, sales of stock of Legal Reserve Insurance Trust amounted to approximately 140,000 shares as follows: George Heath, 41,667 shares; Roman McPherson, 41,667 shares; James W. Wynn, 41,667 shares; Tom S. Wynn, 10,000 shares; others (approximately) 5,000 shares.

By July 22, 1955, Legal Reserve Insurance Trust had accumulated sufficient funds to permit the formation of a life insurance company. On that date the net proceeds accumulated by Legal Reserve Insurance Trust were transferred to Legal Security Life Insurance Company. Legal Reserve Insurance Trust was dissolved on July 15, 1957. The shareholders of Legal Security Life Insurance Company received two (2) shares of Legal Security Life Insurance Company stock for each share they held in Legal Reserve Insurance Trust. This exchange was carried out pursuant to a form letter dated August 23, 1955, signed by George P. Heath, President of the Life Insurance Company.

In connection with the issuance of its shares, the Legal Security Life Insurance Company paid the original issue tax imposed by Section 4301 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4301 and no dispute exists with reference thereto.

Subsequently, the defendant demanded of the plaintiff an additional tax in connection with plaintiff's capital stock. This demand, made in the form of an assessment, was in the amount of $17,200.00, plus interest of $1,817.31, or a total of $19,017 31. The provisions of section 4321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4321, relating to sales or transfers of capital stock, were referred to by the defendant in making the assessment.

The assessment of $19,017.31 made by the District Director on April 18, 1958, plus additional interest in the amount of $836.20, or a total of $19,853.51 was paid by the plaintiff to the Internal Revenue Service on February 9, 1959. Thereafter, on February 20, 1959, the District Director of Internal Revenue made an additional assessment of interest in the amount of $1,029.17 claiming that his previous computation of interest was in error in that amount. The plaintiff paid this additional sum of $1,029.17 on May 1, 1959.

Thereafter, on or about the 14th day of May, 1959, and within the period in which such claim might be legally filed under Section 6511 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6511 and the regulations of the Secretary of the Treasury issued in regard thereto, the plaintiff presented and delivered to Ellis Campbell, Jr., District Director of Internal Revenue for the Second District of Texas, for transmission to the Commissioner of Internal Revenue, its claim for refund of excise tax (documentary stamps) assessed against and paid by the plaintiff for the taxable period of July 1, 1955, to March 31, 1956, in the amount of $17,200.00 plus interest. By registered letter dated December 7, 1959, the Commissioner of Internal Revenue denied the claim for refund.

The plaintiff contends that there was no transfer by Legal Reserve Insurance Trust of a right to receive stock of Legal Security Life Insurance Company which would result in a documentary stamp tax under Section 4321 of the Internal Revenue Code of 1954 because when the stock of Legal Security Life Insurance Company was issued, the Legal Reserve Insurance Trust did not have the right to receive the stock of Legal Security Life Insurance Company. The plaintiff contends in the alternative that if the transaction under consideration gave rise to a

stock transfer tax under Section 4321, such liability was barred in whole or in part by the statute of limitations prescribed by Section 6501 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6501 at the time the assessment was made by defendant on April 18, 1958.

The government contends that the Legal Reserve Insurance Trust acquired legal title to the monies and other property received for its capital stock. The government reasons that the Legal Reserve Insurance Trust was authorized by its charter to use the monies and other property received to accomplish any purpose stated in its charter. The government contends, and the facts as stipulated are, that the Legal Reserve Insurance Trust transferred all of its assets to the Legal Security Life Insurance Company and that the Legal Security Life Insurance Company issued its stock directly to the stockholders of Legal Reserve Insurance Trust. The government contends that such a transaction gives rise to a taxable transfer under Section 4321 of the Internal Revenue Code of 1954 of the right to receive stock in the trust company by the Life Insurance Company to its own shareholders. In answer to the plaintiff's argument that the taxable transfer occurred, if at all, at the time that the stock of the trust company was issued, and therefore, the assessment was not timely, the government contends that the trust company could not have transferred its right to receive the stock of the insurance company until it acquired such right and that such right to receive was not acquired until the Legal Reserve Insurance Trust transferred its assets to the Legal Security Life Insurance Company, accordingly the assessment was timely.

## CONCLUSIONS OF LAW

There exists in the instant case a taxable transfer, as defined in Section 4321 of the Internal Revenue Code of 1959, of the right to receive 344,000 shares of Legal Security Life Insurance Company stock by the Legal Reserve Insurance Trust to the stockholders of the Legal Reserve Insurance Trust.

The right to receive stock in Legal Security Life Insurance Company was not transferred by Legal Reserve Insurance Trust to its stockholders until the assets of the Legal Reserve Insurance Trust were transferred to Legal Security Life Insurance Company giving Legal Reserve Insurance Trust the right to receive the stock of Legal Security Life Insurance Company.

Judgment should be entered in accordance with these findings and conclusions dismissing the plaintiff's complaint and awarding the defendant its costs.